**UNITED STATES of America, Appellee,**

v.

**Rick Louis BRADLEY, Appellant.**

**No. 88–2413.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1989.

Decided March 10, 1989.

Mark C. Meyer, Cedar Rapids, Iowa, for appellant.

Robert L. Teig, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

FAGG, Circuit Judge.

Rick Louis Bradley entered a conditional guilty plea to two counts of illegally making a firearm, *see* 26 U.S.C. §§ 5861(f) (1982), 5871 (Supp. IV 1986). He reserved the right to take this appeal from the district court's denial of his pretrial motion to suppress evidence. *See* Fed.R.Crim.P. 11(a)(2). We affirm.

Bradley lived in a house in Dubuque County, Iowa, with his girlfriend, Susan Schumacher, and her teenage son. After Schumacher became concerned Bradley was accumulating large amounts of stolen property at the house, she contacted law enforcement authorities. In a statement under oath, Schumacher described the stolen property as well as guns belonging to Bradley that were located in the house. She also indicated Bradley had been attempting to make a homemade silencer. Schumacher gave the authorities permission to enter the house at any time to conduct an unlimited search, and she gave them a key to use if necessary.

Based on the information Schumacher provided, officers also obtained a search warrant authorizing seizure of various items. For reasons related to protecting Schumacher's identity as the source of the information, the warrant did not describe firearms or silencers (her identity was later disclosed in the district court hearing on Bradley's motion). The officers then went to the house to conduct the search.

Bradley was at the house when the officers arrived. Out of fear for her safety, Schumacher was not. The officers told Bradley they had a search warrant, and he was taken into custody for violation of his parole related to other charges. The officers did not ask for Bradley's consent to search the house, and he offered no objection to the search. As a result of the search, the officers seized a number of weapons, including two plastic tubes, which Bradley later admitted were homemade silencers.

Bradley moved before trial to suppress the weapons and silencers seized in the search. The district court held an evidentiary hearing on the motion. The court found that, regardless of the validity of the warrant, Schumacher had given the officers "carte blanche authority * * * to conduct a general search of the house." The court thus held the evidence was seized during a valid consent search and was not subject to suppression.

Bradley then entered his conditional guilty plea. The district court imposed separate sentences for the two counts, with each sentence pertaining to one of the two seized silencers. Bradley received ten years imprisonment on the first count, and the sentence on the second count was suspended pending a five-year probation period to be served consecutively.

On appeal, Bradley first contends Schumacher's consent was inadequate to authorize the search when Bradley was both an occupant of the house and present at the time of the search. We disagree.

■ The government's search may be justified by a preponderant showing of the evidence that voluntary consent to search was given by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *see also id.* at 177, 94 S.Ct. at 996. This common authority is a function of mutual use, joint access, and control of the property. *See id.* at 171 n. 7, 94 S.Ct. at 993 n. 7.

Here, Bradley does not seriously dispute Schumacher's common and equal authority over the house and its contents. Indeed, the evidence shows Schumacher rented the house in her name and paid the rent with her public assistance funds. Her name appeared on the lease and on the mailbox, and she had a key. Bradley testified Schumacher had access to the entire house and that "[i]t was all common use," without indicating any limitation. Under all the circumstances, *see United States v. Briley*, 726 F.2d 1301, 1304 (8th Cir.1984), the district court's finding that Schumacher gave an effective consent for the search is not clearly erroneous, *see United States v. Baswell*, 792 F.2d 755, 758 (8th Cir.1986).

■ Bradley nevertheless contends that because he, and not Schumacher, was present at the time of the search, Schumacher's previous consent was not sufficient to authorize the search. Despite Bradley's argument to the contrary, we find nothing in *Matlock* to support this contention, particularly when Schumacher had an equal, if not superior, privacy interest in the property searched. *Compare United States v. Impink*, 728 F.2d 1228, 1233–34 (9th Cir.1984) (no third-party consent to search found when police intentionally bypassed a suspect (the renter) who was present and possessed an interest in property superior to third party (the landlord)).

Furthermore, Bradley's claim fails in this case because although he was present at the time of the search, he did not object to the search in any way or attempt to withhold his consent before the search took place. Thus, the district court did not commit error in denying Bradley's motion to suppress.

■ Bradley also argues his consecutive sentences are illegal. The basis for this argument is Bradley's contention that because the first silencer was made as a model for the second one, we should treat his attempts at making these firearms as a single course of conduct subject to the single maximum penalty contained in 26 U.S.C. § 5871. We reject Bradley's argument.

Each silencer is a separate firearm under the statute and, thus, is a separate unit of prosecution. *United States v. Nichols,* 731 F.2d 545, 546 (8th Cir.), *cert. denied,* 469 U.S. 1085, 105 S.Ct. 589, 83 L.Ed.2d 699 (1984). A defendant may not be sentenced beyond the statutory maximum, however, if his actions as a whole constitute a single course of conduct prohibited by the statute. *Id.* at 547.

Here, Bradley undoubtedly gained expertise from the construction of the first silencer that he used in making the second. Nevertheless, Bradley testified that each silencer was made at a different time, functioned independently, and was "custom-designed" to fit a separate gun—one a semiautomatic rifle and the other a pistol. Under these circumstances, we believe Bradley's actions in making each silencer were separate courses of conduct subject to separate prosecution under the statute. *See id.* As a consequence, his sentences for each count, which are admittedly within the statutory maximum on an individual basis, are not illegal.

AFFIRMED.