**UNITED STATES of America, Appellee,**

v.

**Patrick Thomas BROKAW, Appellant.**

**No. 92–2087.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1992.

Decided Feb. 5, 1993.

Rehearing Denied March 11, 1993.

---

R. Thomas Day, Asst. Federal Public Defender, St. Louis, MO, argued for appellant.

Thomas J. Mehan, Asst. U.S. Atty., St. Louis, MO, argued for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

McMILLIAN, Circuit Judge.

Patrick T. Brokaw appeals his conviction after a bench trial in the United States District Court for the Eastern District of Missouri, the Honorable Jean C. Hamilton presiding, for possessing a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Appellant was sentenced to 18 months incarceration, to be followed by a period of supervised release of two years, and a special assessment of $50.00. For the reasons discussed below, we affirm the judgment of the district court.[1]

For reversal, appellant challenges the district court's denial of his motion to suppress physical evidence seized. Appellant also challenges the sufficiency of the evidence. He argues the government failed to produce any evidence that his prior felony convictions occurred before the possession of the firearm although appellant and his attorney entered into a stipulation as to appellant's prior convictions.

On July 30, 1991, several state and federal law enforcement officers went to the residence of Glenn Jackson in Pacific, Missouri, to execute an arrest warrant. Jackson had been charged with assault and the officers had received information that he was heavily armed and had in his possession a large sum of money and some marijuana that had been brought to Missouri from Texas. The officers executed the arrest warrant at 1:00 a.m. The officers immediately arrested Jackson and obtained his consent to search his cabin as well as two vehicles and a camper trailer parked about 20–25 feet in front of his cabin. The officers found marijuana and approximately ten firearms inside the cabin. Jackson stated that the marijuana was his but it was "on consignment" from the man who was sleeping in the camper. According to the officers, Jackson consented to a search of the camper trailer and warned them that the person inside was armed.

---

1. The United States District Court for the Eastern District of Missouri adopted the Memorandum of the United States Magistrate Judge Carol E. Jackson denying the motion to suppress physical evidence. The Honorable Carol E. Jackson became a United States District Judge for the Eastern District of Missouri on October 1, 1992.

When officers knocked on the camper trailer door, there was no response. The door was not locked, so the officers opened the door and shined their flashlights inside the camper trailer. Officers found appellant and his girlfriend Patricia Matthews in bed. As the officers yelled "police" and ordered the couple to get up, appellant reached for a shotgun that was leaning against a cabinet near the bed. At this point the officers took both appellant and Ms. Matthews out of the camper trailer and placed them under arrest. Officers then conducted a search of the camper trailer which revealed a small amount of marijuana and cash in the amount of $17,350.00.

Appellant was indicted and charged with unlawful firearms possession. Appellant filed a motion to suppress the shotgun, arguing that Jackson had no authority to consent to a search of the camper trailer because he, not Jackson, was the owner of the camper trailer. Appellant also argued that Jackson could not validly consent to a search of the camper trailer while it was occupied by appellant. Appellant asserts that regardless of who owned the camper trailer and Jackson's statement that the camper trailer belonged to him, the officers could not have reasonably relied on Jackson's apparent authority to consent to the search because they knew that the camper trailer was occupied by someone else.

The magistrate judge held an evidentiary hearing and denied the motion to suppress. The magistrate judge found that the evidence supported the conclusion that appellant's privacy interest in the camper trailer was not superior to that of Jackson, the consenting third party. Further, although appellant was present at the time the camper trailer was being searched, there was no evidence that he objected to the search. Therefore, the magistrate judge concluded that Jackson could have effectively consented to the search of the camper trailer even though it was occupied by appellant. The district court adopted and approved the magistrate judge's findings and recommendation.

On February 10, 1992, the parties filed a joint stipulation which stated that appellant had been convicted of crimes punishable by imprisonment exceeding one year and that the firearm he was charged with possessing was transported in interstate commerce. The joint stipulation did not expressly state that appellant had been convicted of a felony before July 30, 1991, the date on which he was found in possession of the shotgun in the camper trailer.

## THIRD PARTY CONSENT TO SEARCH

■ Appellant argues that at 1:00 a.m. while he and his girlfriend were asleep in the camper trailer, Jackson did not have the authority to consent to a search. Appellant argues that he, as occupant of the camper trailer, had the highest possible privacy expectation in the camper trailer, superior to any interest Jackson may have had. The district court found that "a consent search is valid if the 'permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.'" *United States v. Brokaw*, No. S1-91-244-CR-7, slip op. at 6 (E.D.Mo. Dec. 27, 1991) (memorandum) (quoting *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974)). The Supreme Court has stated that a warrantless entry is valid if based on a third party's consent whom the police, at the time of entry, reasonably believe to possess common authority required by *United States v. Matlock*, but who in fact did not do so. *Illinois v. Rodriguez*, 497 U.S. 177, 178–79, 110 S.Ct. 2793, 2796–97, 111 L.Ed.2d 148 (1990). Therefore, where someone who reasonably appears to have control of the premises in question consents to the search, there is no constitutional violation.

■ In *United States v. Impink*, 728 F.2d 1228, 1234 (9th Cir.1984), the court held that police may not rely on a third party's consent to "intentionally bypass" a person who is present and has a privacy interest in the premises that is superior to that of the consenting third party and who objects to the search. This court followed that rationale in *United States v. Bradley*, 869 F.2d 417, 419 (8th Cir.1989), where the consenting third party's privacy interest in

the property was found to be at least equal to that of the defendant. Because the defendant voiced no objection to the search, the search was deemed valid. *Id.* In *United States v. Ruiz,* 935 F.2d 982, 984–85 (8th Cir.1991), this court held that the defendant's companion validly consented to a search of the defendant's luggage because the defendant had abandoned his interest in the luggage and, therefore, had no higher expectation of privacy in the property than his companion did.

This court applies the clearly erroneous standard of review when reviewing a district court's decision that a search was consensual. *United States v. McKines,* 933 F.2d 1412, 1425 (8th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991). In the present case, we agree with the district court that it was objectively reasonable for the officers to believe at the time of consent that Jackson, the consenting party, had authority over the camper trailer. The camper trailer was located on Jackson's property and Jackson told the officers that he owned the camper trailer.[2] Further, although appellant was present at the time of the search, there is no evidence that he objected to the search or that he was "intentionally bypassed" by the officers. Therefore, we agree with the district court's conclusion that Jackson validly consented to the search of the camper trailer even though it was occupied by appellant.

JOINT STIPULATION—SUFFICIENCY OF EVIDENCE

Appellant challenges the district court's denial of his motion for judgment of acquittal on the ground of insufficiency of the evidence. Appellant contends there was insufficient evidence of a prior conviction because the only evidence of prior convictions was contained in the joint stipulation which does not state that any of the convictions occurred prior to the date of the offense charged. We agree with the district court that there was sufficient evidence to support the conviction. The dis-

trict court based its finding of sufficient evidence not only on the joint stipulation, but also on the indictment and the presentence investigation report, each of which contained the dates of appellant's prior convictions and established that at the time of the charged offense appellant had been convicted of a felony.

Accordingly, we affirm the judgment of the district court.

---

2. The Supreme Court's analysis in *Illinois v. Rodriguez,* 497 U.S. 177, 184, 110 S.Ct. 2793, 2799, 111 L.Ed.2d 148 (1990), suggests that for Fourth Amendment purposes it does not matter who in fact owned the camper trailer.