34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles W. WHITE, Defendant-Appellant.
 Nos. 93-30363, 93-30366.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 12, 1994.*
Decided Aug. 12, 1994.
 
 Before: GOODWIN, D.W. NELSON, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles White and Richard Strickland appeal their convictions for possession of unauthorized access devices; interstate transportation of stolen property; receiving, delivering, retaining, or concealing stolen or forged U.S. Treasury bonds; and conspiracy to commit offenses against the United States.
 
 I.
 
 3
 White and Strickland contend that the district court erred when it denied their motion to suppress evidence obtained by sheriff's deputies during a search of the defendants' motel room and luggage.
 
 
 4
 The facts surrounding the officers' entry into White and Strickland's motel room were disputed at trial. Defendants contend that the district court improperly relied upon the testimony of an unreliable witness, Ms. Paulette Lewis, in crediting the officers' testimony over that of the defendants'.
 
 
 5
 This factual dispute is at its core an issue of credibility. Questions of credibility are for the trier of fact to determine, and it is not the province of the courts of appeals to reassess the credibility of witnesses. See United States v. Hodges, 770 F.2d 1475, 1478 (9th Cir.1985); United States v. Lujan-Castro, 602 F.2d 877, 878 (9th Cir.), cert. denied, 444 U.S. 945 (1979); see also United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987) (noting "great deference" given district court's credibility determinations).
 
 
 6
 In crediting the testimony of Ms. Lewis, the district court noted her "background and history." Furthermore, the court did not rely solely on the testimony of Ms. Lewis, but based its conclusion that the officers were telling the truth regarding the search on "all the testimony." Even if the district court had relied solely on Ms. Lewis' testimony, her testimony is not necessarily insufficient to sustain its findings. Cf. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991) ("Even the uncorroborated testimony of an accomplice is enough to sustain a conviction unless it is incredible or unsubstantial on its face."), cert. denied sub nom. Brandon v. United States, 112 S.Ct. 947 (1992); United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030, reh'g denied, 483 U.S. 1012 (1987). We therefore accept the district court's credibility determinations and the factual findings that follow from those determinations.
 
 A. Inferred Consent to Entry
 
 7
 Defendants contend that White did not consent to the officers' entry. "[T]he search of property, without warrant and without probable cause, but with proper consent voluntarily given, is valid under the Fourth Amendment." United States v. Matlock, 415 U.S. 164, 165-66 (1974).
 
 
 8
 White's actions were sufficient to give rise to an inference of implied consent. Like the defendant in United States v. Garcia, 997 F.2d 1273, 1281 (9th Cir.1993), White responded affirmatively to the officers' request to talk and then opened the door wider while stepping back. Absent any evidence indicating that White expressly or implicitly objected to the officers' entry, it is reasonable to infer from White's conduct, coupled with the officers' request to speak with him, that he implicitly consented to entry.
 
 
 9
 With regard to the search of defendants' luggage, the district court credited the testimony of Deputies McVicker and Nelson that defendants gave their consent to the officers' search. We again accept the district court's credibility determinations and factual findings dependent thereon.
 
 B. Authority to Consent to Entry
 
 10
 Defendants argue that even if White's actions rose to a level from which consent could be inferred, White did not have authority to consent. Valid consent may be obtained from a third party who "possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected" and thus had actual authority to consent. Matlock, 415 U.S. at 171 n. 7; United States v. Kelley, 953 F.2d 562, 566 (9th Cir.1992); United States v. Yarbrough, 852 F.2d 1522, 1534 (9th Cir.), cert. denied, 488 U.S. 866 (1988). Common authority rests on "mutual use of the property by persons generally having joint access or control for most purposes." Matlock, 415 U.S. at 171; see also United States v. Dearing, 9 F.3d 1428, 1429 (9th Cir.1993); Kelley, 953 F.2d at 566. "Even if the consenting third party does not in fact possess actual authority to consent, a warrantless search may be justified when the authorities have reasonable grounds to believe the consentor has apparent authority to consent." Yarbrough, 852 F.2d at 1534; see also Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990); Dearing, 9 F.3d at 764; United States v. Welch, 4 F.3d 761, 764 (9th Cir.1993).
 
 
 11
 White had authority to consent to entry. Moreover, even if we were to question whether White had actual authority, it was reasonable for the officers to believe that he did. White and Strickland were co-occupants of the motel room; when deputies entered the motel room, they found both defendants' traveling bags. No evidence suggests that White's access to the room or his freedom to come and go was limited. Furthermore, by answering the door, White indicated that he not only was a joint user of the room, but also had control over the premises. Finally, Strickland did not voice an objection to the officers' entry or to their request to speak with White, nor did White expressly or implicitly indicate with speech or mannerisms that he needed to obtain permission from somebody else to permit the officers' entry.
 
 C. Voluntariness
 
 12
 Defendants contend that even if the officers were given consent to enter their motel room and search their luggage, such consent was involuntary. For consent to be valid, the government must show that it was freely and voluntarily given, rather than the product of police coercion. Schneckloth v. Bustamonte, 412 U.S. 218, 222 (1973) (quoting Bumper v. North Carolina, 391 U.S. 543, 548 (1968)); Welch, 4 F.3d at 763. The court determines the voluntariness of consent from the totality of the circumstances surrounding consent. Schneckloth, 412 U.S. at 226; Kelley, 953 F.2d at 566.
 
 
 13
 We agree with the district court that White voluntarily consented to entry to the motel room. The district court found that the officers' guns were not drawn. There is no evidence suggesting that the officers displayed any aggression or hostility, and neither defendant was under arrest, handcuffed, or in custody. The circumstances surrounding White's consent to entry were less coercive, it at all, than other cases where this court has found consent to be voluntary. See Garcia, 997 F.2d at 1282; Kelley, 953 F.2d at 566; United States v. Childs, 944 F.2d 491, 496 (9th Cir.1991); United States v. Alfonso, 759 F.2d 728, 741 (9th Cir.1985).
 
 
 14
 We also agree with the district court that defendants' consent to the search of their luggage was voluntary. With regard to White, since the totality of circumstances surrounding White's consent to the search of his luggage is essentially the same as the totality of circumstances surrounding his consent to the officers' entry into the room, the finding of voluntariness with regard to the latter may be applied to the former. With regard to Strickland, although Strickland was handcuffed when he gave consent to search his luggage and he had been advised of his Miranda rights, the court could find his consent to be voluntary. See United States v. Lindsey, 877 F.2d 777, 783 (9th Cir.1989) (person in custody capable of giving valid consent).
 
 II.
 
 15
 White contends that there is insufficient evidence to support his convictions for interstate transportation of stolen property and for receiving, delivering, retaining, or concealing stolen or forged U.S. Treasury bonds.
 
 A. Interstate Transportation
 
 16
 There is sufficient evidence to support White's conviction for transporting stolen property in violation of 18 U.S.C. Sec. 2314. The stolen property was ten bank checks made payable to Seiko Instruments and found in Strickland's luggage.
 
 
 17
 White drove from Los Angeles to Washington. The checks were stolen in Los Angeles and found in the officers' search of defendants' bags in Vancouver, Washington; during the search, the officers found other "illicit material" brought from Los Angeles. No testimony was offered to explain how defendants might have received any stolen property after arriving in Washington. Furthermore, the district court concluded from the evidence that White and Strickland were "running some scams in California," in the "general area" that the property was stolen.
 
 B. Stolen Property
 
 18
 We also conclude that sufficient evidence supports White's conviction under 18 U.S.C. Sec. 510(b) for receiving, delivering, retaining, or concealing stolen or forged U.S. Treasury bonds belonging to a Ms. Esther Kennedy. Ms. Kennedy's home in Detroit was burglarized. The stolen items were never identified, but the government presented evidence that the defendants acquired Ms. Kennedy's bonds on the black market in the Los Angeles area. Defendants contacted Ms. Lewis with a plan to cash Ms. Kennedy's bonds; they created false identification for Lewis under the name of Esther Kennedy that would enable Ms. Lewis to forge Ms. Kennedy's endorsement on the bonds defendants possessed. The bonds in this case were in the possession or under control of the defendants, and the defendants improperly negotiated some of them, and intended to negotiate others.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3