101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Francisco GIL, Sarah Gangemi, Angela Zuluaga, Wilfredo
Fernandez, Lena Rose Reihart, John Builes, Humberto Acosta,
Mary Lynn Wright, Cheryl Lynn McGowan, Francisco Callirgos,
Sharon Gay Reihart, Alfred Cepeda, Sharon Gay Callirgos, and
Randall Reihart, Defendants,
Edwin Jiminez, Defendant-Appellant.
 No. 94-1195.
 United States Court of Appeals,
Second Circuit.
 July 25, 1996.
 
 1
 Darrell B. Fields, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York City, for Appellant.
 
 
 2
 Kenneth P. Thompson, Assistant United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.
 
 
 3
 Present: WINTER, LEVAL, Circuit Judges, THOMPSON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Edwin Jiminez appeals from his conviction by a jury before Judge Weinstein for conspiring to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and § 841(b)(1)(A), and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).
 
 
 7
 On appeal, Jiminez argues that Judge Nickerson, then presiding, incorrectly denied Jiminez's motion to suppress evidence found during a search of an apartment leased by Marjarita Zuleta, Jiminez's girlfriend. The search was pursuant to a consent form signed by Angela Zuluaga. Jiminez asserts that he has standing to challenge the search and that Zuluaga, who was renting a room in the apartment, had no authority to consent to a search of the entire apartment, including Zuleta's bedroom. Even assuming arguendo that Jimenez, who neither resided in nor rented the apartment, had standing to challenge the search, we disagree.
 
 
 8
 In reviewing determinations by trial courts of reasonable suspicion and probable cause, appellate courts are to apply a de novo standard. Ornelas v. United States, 116 S.Ct. 1657, 1663 (1996). Ornelas 's reasoning, emphasizing the need for consistency and clear guidelines, applies to warrantless searches based on the seeming authority of a consenting third-party. Id. (also noting that standard of review should be more deferential for magistrate's determination of probable cause than for police reasonableness in warrantless searches in order to encourage police to seek warrants).
 
 
 9
 In Illinois v. Rodriguez, 497 U.S. 177, 183-89 (1990), the Supreme Court held that a search does not violate the Fourth Amendment if the police believe reasonably, even though incorrectly, that a person consenting to a search has authority to do so. Id. The third-party who consented in Rodriguez had referred to the defendant's apartment as "our" apartment and said that she had clothes and furniture there. Id. at 179. Because she had in fact moved out before the search, she had no actual authority to consent, but, because the police reasonably believed that she did, there was no Fourth Amendment violation. Id. at 188-89.
 
 
 10
 In the present case, Zuluaga resided in the apartment and had a set of keys to it. Furthermore, the apartment was referred to as Zuluaga's apartment in the officers' discussions with her and on the consent form. The police here had more reason than did the police in Rodriguez to believe that the person consenting had authority. Nor did the police here make a mistake of law. If the facts were as they reasonably believed them to be, there would have been actual authority. See United States v. Brown, 961 F.2d 1039, 1041 (2d Cir.1992) (mistakes of law are insufficient to support apparent authority under Rodriguez ).
 
 
 11
 Jiminez's reliance on United States v. Whitfield, 939 F.2d 1071 (D.C.Cir.1991) and United States v. Dearing, 9 F.3d 1428 (9th Cir.1993), is misplaced. In both those cases, the police knew that the defendant lived in the premises to be searched and that a third party, the defendant's mother in Whitfield, 939 F.2d at 1074, and the defendant's soon-to-depart housekeeper in Dearing, 9 F.3d at 1430, had questionable authority to consent to the search of the defendants' bedrooms. In the present case, Zuluaga lived in the apartment, had a key, and described it as her own. The police correctly believed that Jiminez lived elsewhere. Nothing anyone said or did after Zuluaga's consent made it unreasonable for them to believe that she had authority to consent to a search of the entire apartment. Indeed, the evidence at the hearing showed that Zuluaga had access to Zuleta's bedroom. Because we conclude that the officers reasonably believed that Zuluaga had authority to consent, there was no Fourth Amendment violation.
 
 
 12
 We therefore affirm.
 
 
 
 *
 The Honorable Alvin W. Thompson, United States District Judge for the District of Connecticut, sitting by designation