# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2178MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Jose Esparza, also known as Franciso | * | |
| Zapata, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 19, 1998
Filed: October 28, 1998

_____

Before McMILLIAN, FAGG, and BEAM, Circuit Judges.

_____

FAGG, Circuit Judge.

Jose Esparza appeals his convictions for possession with intent to distribute cocaine and heroin, conspiracy to possess and distribute narcotics, and unlawful possession of a firearm. Esparza challenges the denial of his pretrial motion to suppress evidence obtained during a search of a common bathroom in his apartment building conducted with his landlord's consent. Esparza contends that without the evidence found in the bathroom, the evidence at trial was insufficient to convict him. Because we conclude the search did not violate the Fourth Amendment, we affirm.

Based on information received from a confidential reliable informant, police surveillance, and controlled drug buys, Minneapolis police suspected Esparza of drug trafficking and obtained a warrant to search his apartment. When the police executed the search, however, they rammed open the wrong apartment door, within earshot of Esparza's apartment. The officers realized their mistake and entered Esparza's apartment, but found only one of Esparza's fellow drug traffickers, who said Esparza had left. To prevent Esparza's escape, police officers were placed at the building's exits. About forty-five minutes later, after finding several rounds of ammunition and some marijuana in Esparza's apartment, the officers discovered a locked room down the hall. The landlord told police the room was a bathroom containing a single toilet for all the tenants' use, and the room was probably occupied because it locked only with an inside latch. The officers knocked on the door, identified themselves as police at least three times in Spanish, and directed the occupant to open the door. The officers received no type of response and heard no noise coming from the room. They concluded Esparza was probably hiding inside and might have a gun and drugs with him because the search of his apartment had yielded bullets but no gun and no significant amount of drugs despite a controlled drug buy earlier that day. The landlord gave the police a crowbar and told them they could force the door open. After doing so, the police found Esparza sitting on the toilet and arrested him. In a nearby hole in the bathroom wall they saw a large plastic bag and the handle of a gun. Inside the hole, the officers found cocaine, heroin, and a handgun.

On appeal, Esparza asserts the warrantless bathroom search violated the Fourth Amendment. The Fourth Amendment's general prohibition against warrantless searches does not apply when officers obtain voluntary consent from the person whose property is searched or from a third party with common authority over the property. See Illinois v. Rodriguez, 497 U.S. 177, 181 (1990). "[T]he consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared," United States v. Matlock, 415 U.S. 164, 170 (1974), but police may not rely on a third party's consent to

intentionally bypass a person who is present, has a superior privacy interest in the premises, and actively objects to the search, see United States v. Brokaw, 985 F.2d 951, 953 (8th Cir. 1993).

Esparza contends the landlord's consent was invalid because Esparza had a greater privacy interest as the occupant of the single toilet bathroom and Esparza actively objected to the search by locking the bathroom door. Although Esparza had a reasonable expectation of privacy in the single toilet bathroom, see United States v. White, 890 F.2d 1012, 1015 (8th Cir. 1989), we see no clear error in the district court's finding that Esparza waived his privacy interest by failing to object to the search. When police knocked on the door and requested entry to the bathroom, Esparza did not respond. Although the door was locked, absent any response, the police could reasonably believe the landlord had authority to consent to a search of the common room. See Brokaw, 985 F.2d at 953; see also United States v. Czeck, 105 F.3d 1235, 1240 (8th Cir. 1997).

Even if the officers lacked valid consent to search the bathroom, exigent circumstances justified the warrantless search. Officers may search without a warrant when faced with certain urgent circumstances, such as the imminent destruction of evidence. See United States v. Ball, 90 F.3d 260, 263 (8th Cir. 1996). Contrary to Esparza's assertion, the police had probable cause to believe Esparza was hiding in the bathroom. Police knew Esparza had left his apartment, he had not left the building during the search, the bathroom was located down the hall from Esparza's apartment, the bathroom door had been continuously locked for an abnormal period of time, and the occupant of the bathroom did not respond to police knocking and demands to open the door. Under these circumstances, there was a fair probability the silent bathroom occupant was Esparza rather than a law-abiding tenant. The police also had an objectively reasonable belief that Esparza possessed drugs and could dispose of them in the locked bathroom before the officers could obtain a warrant.

Having decided the search of the bathroom was valid, we need not decide whether the evidence was sufficient to support Esparza's convictions absent the cocaine, heroin, and gun found in the bathroom. We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.