**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Axel BOJORQUEZ–ROJO, aka; Simon Rios, Defendant—Appellant.**

**United States of America,
Plaintiff—Appellee,**

v.

**Ariel Vazquez–Vazquez, aka Edgardo Garcia–Rios, Defendant—Appellant.**

No. 04–30445, 04–30506.

D.C. No. CR–03–00234–EJL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 21, 2005.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Greg S. Silvey, Esq., Boise, ID, for Defendant—Appellant Ariel Vazquez–Vazquez.

Before THOMPSON, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

In this consolidated appeal, Defendants–Appellants Axel Bojorquez–Rojo and Ariel Vazquez–Vazquez appeal the district court's denial of their respective motions to suppress evidence seized as the result of a warrantless entry into the house located at 11905 West Blueberry Avenue, in Nampa, Idaho. The district court concluded that the law enforcement officers had obtained legally valid consent to conduct a search of the home from a person with authority to provide consent.

We review the district court's denial of the motions to suppress de novo, and review the district court's underlying factual findings for clear error. *United States v. Bynum,* 362 F.3d 574, 578 (9th Cir.2004). Whether a person has actual or apparent authority to consent to a search is a mixed question of law and fact which we review de novo. *United States v. Enslin,* 327 F.3d 788, 792 (9th Cir.2003). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"A warrantless search of a house is per se unreasonable and absent exigency or consent, warrantless entry into the home is impermissible under the Fourth Amendment." *United States v. Reid,* 226 F.3d 1020, 1025 (9th Cir.2000) (quoting *United States v. Shaibu,* 920 F.2d 1423, 1425 (9th Cir.1990)). It is the government's burden

Aaron N. Lucoff, Esq., USBO—Office of the U.S. Attorney, Boise, ID, for Plaintiff—Appellee.

C. Tom Arkoosh, Esq., Gooding, ID, for Defendant—Appellant Axel Bojorquez–Rojo.

---

to establish the existence of effective consent. *Id.* Consent may be justified by a consent-giver's apparent, rather than actual, authority so long as it was objectively reasonable under the circumstances for the searching officer to believe the consent-giver had actual use of, and access to or control over, the area searched. *United States v. Fiorillo*, 186 F.3d 1136, 1144 (9th Cir.1999) (citing *United States v. Dearing*, 9 F.3d 1428, 1429–30 (9th Cir.1993)).

■ Under the circumstances presented, it was reasonable for the officers to believe that Arlene Yamamoto was the owner or property manager of the house, and that she had access to and control over that property. Yamamoto told the officers she was the homeowner or the property manager and that she was at the house to show it to prospective tenants, both of whom were on the scene, and one of whom was the law enforcement officer who conducted the search. Furthermore, although the appellants told the officers they had permission to be at the house, Yamamoto told the police that she did not know the two men and that she had not given them permission to be at the house.

■ The district court's finding that Yamamoto provided at least implied consent to the search is also appropriate. "The existence of consent to search is not lightly to be inferred, and is a question of fact to be determined from the totality of the circumstances." *United States v. Patacchia*, 602 F.2d 218, 219 (9th Cir.1979) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 248–49, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). We have been reluctant to infer consent; however, such reluctance is typically expressed when the question is whether the defendant has given implied consent, not whether a third-party has done so. *See, e.g., Shaibu*, 920 F.2d at

1425–28. Nonetheless, even when the consent-giver is the defendant, consent may be implied from words or conduct that could reasonably be viewed as such. *See, e.g., Pavao v. Pagay*, 307 F.3d 915, 919–21 (9th Cir.2002).

In this case, the totality of the circumstances support the district court's conclusion that the officers reasonably inferred consent from Yamamoto's statements as well as her conduct. The district court found that Yamamoto called the police to her house, told them she did not know what the defendants were doing there, and did not object when Officer Rivera entered the house. Under these circumstances, it was not unreasonable for the officers to conclude Yamamoto had authorized access to the house.

AFFIRMED.