**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Keith Leonard MULLEN, Defendant—
Appellant.**

No. 07–50572.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2009.*

Filed May 7, 2009.

**3.** Fed.R.Crim.P. 32(i)(3)(C).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esq., April Anita Christine, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Carlos L. Juarez, Esq., San Bernardino, CA, for Defendant–Appellant.

Before: HALL, SILVERMAN and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Defendant Keith Mullen ("Mullen") appeals his conviction, sentence, and conditions of supervised release imposed following his conditional guilty plea to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). We affirm. Because the parties are familiar with the facts of the case, we do not recite them here.

## I.

■ "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo,* 398 F.3d 1149, 1153 (9th Cir.2005). The plea agreement required Mullen to give up the right to appeal his sentence, but only if the court determined the offense level to be 22 or below. Because the total offense level was 25, Mullen may appeal both his sentence and the term of his supervised release as a part of the sentence. *See United States v. Cope,* 527 F.3d 944, 950–951 (9th Cir.2008).

■ Mullen's right to appeal certain conditions of his supervised release, however, existed *independently* of his sentencing waiver. *See id.* at 950 (noting that the term of supervised release was a part of sentencing such that the defendant could not appeal the *term* under his separate appeal waiver exception addressing the *conditions* of his supervised release). Thus, that portion of the plea agreement pertaining to Mullen's right to appeal the conditions of supervised release retains its full force notwithstanding Mullen's ability to challenge his sentence. Mullen may appeal the prescription medication condition, but this court is without jurisdiction to consider his challenges to the computer-related conditions, which were expressly unappealable under the terms of his plea agreement. Mullen does not challenge the sufficiency of the plea colloquy, nor does he argue that his plea was not knowing and voluntary or otherwise invalid.

## II.

■ Mullen argues that the district court erred in denying his motion to suppress evidence obtained as a result of searching a computer in his father's resi-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence, when Mullen was the primary user. This court reviews a district court's denial of a motion to suppress de novo. *United States v. Ruiz,* 428 F.3d 877, 880 (9th Cir.2005). The court reviews de novo the mixed question of law and fact of whether a person has actual or apparent authority to consent to a search. *Id.* Here, Mullen's father had actual authority to consent to the search of the computer he purchased for his family's use, located in an unoccupied room, and for which he paid for the internet access. *See United States v. Dearing,* 9 F.3d 1428, 1429 (9th Cir. 1993). The district court's determination that Mullen's father's consent was voluntary was not clearly erroneous where the officers were dressed in plain clothes and never showed their guns as a display of authority. *See United States v. Cormier,* 220 F.3d 1103, 1112 (9th Cir.2000). Furthermore, Mullen's father signed a consent form which clearly informed him of his right to choose not to consent.

### III.

 Mullen argues that the district court improperly relied upon the Presentencing Report's ("PSR") statement that he possessed 894 images of child pornography, without putting the government to its burden of proof to justify the 5–point sentencing enhancement. Because Mullen did not object to the PSR's factual statements, this court reviews the district court's actions for plain error. *See United States v. Garro,* 517 F.3d 1163, 1168 (9th Cir.2008). The district court may rely on undisputed factual statements in the PSR at sentencing unless the defendant raises an objection to any fact therein. *See United States v. Ameline,* 409 F.3d 1073, 1085–1086 (9th Cir.2005). Mullen made no factual objections to the PSR before or at sentencing. The district court's use of the undisputed facts was not plainly erroneous. *See Unit-*

*ed States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

### IV.

 The district court did not violate Mullen's Eighth Amendment rights by sentencing him to a within-Guidelines lifetime term of supervised release. *See United States v. Daniels,* 541 F.3d 915, 924 (9th Cir.2008) (district court was within its discretion to conclude a lifetime term of supervised release was necessary for a first-time child pornography conviction); *United States v. Moriarty,* 429 F.3d 1012, 1025 (11th Cir.2005) (lifetime term of supervised release for child pornography conviction does not violate Eighth Amendment). Not only is a lifetime term of supervised release authorized for Mullen's offense, U.S.S.G. § 5D1.2 actually notes that "[i]f the instant offense of conviction is a sex offense, ... the statutory maximum term of supervised release is recommended." Furthermore, 18 U.S.C. § 3583(e)(1) gives Mullen the opportunity to petition the district court to terminate his term of supervised release and discharge him from further obligations after one year of supervised release.

### V.

 Mullen next objects to the district court's imposition of a condition of supervised release requiring him to take "all prescribed medication" as part of a sexual offender program. Mullen did not object to this condition at sentencing, thus this court reviews for plain error. *See United States v. Cope,* 527 F.3d 944, 957 (9th Cir.2008). Since Mullen was sentenced, the Ninth Circuit has determined that specific medical findings are necessary to support a condition requiring a defendant to take medications which implicate significant liberty interests, *see id.* at 955, and specifically those medications

commonly prescribed as part of a sexual offender treatment program. Though the district court did not have the benefit of the *Cope* decision at sentencing, "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Because the condition could not have been imposed as written absent these findings, and in light of the *Cope* decision, we find that the error was plain and affected substantial rights. *See United States v. Barsumyan*, 517 F.3d 1154, 1162 (9th Cir.2008).

■ Unlike the defendant in *Cope*, however, Mullen did not object to this condition upon sentencing. *See also United States v. Daniels*, 541 F.3d 915, 921 (9th Cir.2008); *United States v. Esparza*, 552 F.3d 1088, 1089–1090 (9th Cir.2009). In both his Sentencing Memorandum and at his sentencing hearing, Mullen affirmatively represented to the district court that he had no objections to the conditions of the supervised release and that the conditions "seem[ed] to be appropriate for the particular offense." While, in light of this court's subsequent decision in *Cope*, we do not use those statements to find that Mullen affirmatively waived his right to appeal this condition, we decline to exercise our discretion to remand to the district court at this time. *See Johnson*, 520 U.S. at 469–470, 117 S.Ct. 1544. We note that our decision here does not prejudice Mullen's ability to challenge specific medications prescribed during his period of supervised release which may implicate significant liberty interests. At such point, the district can make the findings necessary under our decision in *Cope*.

## VI.

The record in this case is not sufficiently developed to evaluate Mullen's ineffective assistance of counsel claim on direct, rather than collateral, appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir.2003) ("Claims of ineffective assistance of counsel are generally inappropriate on direct appeal."); *see also United States v. Jeronimo*, 398 F.3d 1149, 1155–1156 (9th Cir.2005).

**AFFIRMED.**