MEMORANDUM *
Defendant-Appellant Brandyn Blatch-ford (“Blatchford”) appeals the district court’s imposition of a special condition of supervised release that he “shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication.” We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
The district court’s imposition of the disputed special condition was not an abuse of discretion.[1] First, because the court did not make “ ‘on-the-record, medically-grounded findings that court-ordered medication [was] necessary to accomplish one or more of the factors listed in [18 U.S.C.] § 3583(d)(1),’ ” this condition “must ‘be understood as limited to those medications that do not implicate a particularly significant liberty interest of the defendant.’” United States v. Daniels, 541 F.3d 915, 926 (9th Cir.2008) (some internal quotation marks and citations omitted) (quoting United States v. Cope, 527 F.3d 944, 954-55 (9th Cir.2008)). There is no reason to remand for clarification by the district court, which we assume was aware of this rule of interpretation when it imposed the special condition. See Fenner v. United States Parole Comm’n, 251 F.3d 782, 786 (9th Cir.2001) (“[W]e assume that the district court knows and applies the law correctly.” (internal quotation marks and citation omitted)).[2]
Second, the district court did not improperly delegate judicial authority to the probation officer. See United States v. Esparza, 552 F.3d 1088, 1091 (9th Cir.2009). Both at the revocation hearing and in the order revoking supervised release, the court ordered that Blatchford “shall *237 participate in a mental health program,” which “may include taking prescribed medication,”[3] and then properly delegated to the probation officer administrative details, such as where and when the treatment would take place. See United States v. Stephens, 424 F.3d 876, 880 (9th Cir.2005); see also United States v. Rearden, 349 F.3d 608, 619 (9th Cir.2003) (giving the probation officer authority to select “the type and extent” of psychological or psychiatric counseling and/or a sex offender treatment program was not plainly erroneous).
Finally, the special condition is, by its plain language, limited to medications prescribed by a medical professional in connection with the mental health program ordered by the court. See Cope, 527 F.3d at 956 (“[T]he requirement that [the defendant] ‘shall take all prescribed medication’ is overbroad insofar as it is not clearly limited to medications that are reasonably related to sex offender treatment.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The government contends that we should review the district court's imposition of the special condition for plain error rather than abuse of discretion. However, we need not determine whether this more deferential standard of review applies because Blatchford’s claims fail on abuse of discretion review.

. Our decision does not prejudice Blatch-ford’s ability to challenge any specific medications prescribed during his period of supervised release that may implicate significant liberty interests. See United States v. Mullen, 329 Fed.Appx. 61, 65 (9th Cir.2009) (mem.).

. We understand the court's use of the term "may” in this context to reflect the fact that medical professionals — not courts — prescribe medication.