NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10330 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00087-LKK-1 |
| v. | |
| JOSE ROBERTO ORTEGA-GUTIERREZ, a.k.a. Jose Roberto Gutierrez, a.k.a. Roberto J. Ortega, a.k.a. Salvador Ortega, a.k.a. Roberto Ortega-Gutierrez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted July 6, 2015[**]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jose Roberto Ortega-Gutierrez appeals the district court's denial of his motion to suppress. Before the district court, Ortega-Gutierrez did not contest the facts presented by the government, including the government's assertion that Ortega-Gutierrez's parents voluntarily consented to a search of his bedroom. He argued only, as a matter of law, that his parents did not have authority to consent to the search of their entire home. The district court rejected this argument. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, on this record, we affirm.

Ortega-Gutierrez's parents—with whom he lived—had apparent authority to consent to the search of his bedroom. Agent Javier Carbajal, the ICE agent who conducted the search, believed that Ascencion and Soccoro Ortega had access to and control over Ortega-Gutierrez's bedroom, a fact that—if true—would have given them actual authority to consent to the search. *See United States v. Dearing*, 9 F.3d 1428, 1429–30 (9th Cir. 1993) (describing the test to determine apparent authority), *disapproved of on other grounds by United States v. Kim*, 105 F.3d 1579 (9th Cir. 1997).

It was objectively reasonable for Agent Carbajal to believe this fact because he knew Ascencion and Soccoro owned the house. And although the first door through which Ascencion tried to access the bedroom was locked—a fact that ordinarily militates against a finding of apparent authority—Ascencion then led

2

Agent Carbajal to an unlocked door through which the agent ultimately entered the room. That Ascencion could enter the room through an unlocked door validates the agent's belief that he had "joint access or control" over it. *United States v. Matlock*, 415 U.S. 164, 171 n.7 (1974); *see also United States v. Enslin*, 327 F.3d 788, 794 (9th Cir. 2003) (finding actual authority when a resident permitted the marshals to search her apartment, and the back bedroom the marshals searched was unlocked). Finally, Ascencion is Ortega-Gutierrez's father, a fact that reinforces Agent Carbajal's belief that Ascencion controlled Ortega-Gutierrez's room. *See Georgia v. Randolph*, 547 U.S. 103, 114 (2006) (noting that a parent usually has authority to consent to the search of his or her child's bedroom).

Because the facts available to Agent Carbajal at the time of the search would "warrant a man of reasonable caution in the belief that the consenting party had authority over the premises," the search was valid. *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990) (citation omitted) (internal quotation marks omitted).

**AFFIRMED.**