UNITED STATES of America, Plaintiff–Appellee,

v.

Sharon Legail WELCH, Defendant–Appellant.

No. 92–10409.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 1993.

Decided Sept. 7, 1993.

John C. Lambrose, Chief Asst. Public Defender, Las Vegas, NV, for defendant-appellant.

Charles E. Kelly, Asst. U.S. Atty., Las Vegas, NV, for plaintiff-appellee.

Before: REINHARDT, TROTT, and RYMER, Circuit Judges

REINHARDT, Circuit Judge:

Sharon Legail Welch appeals her criminal convictions on the basis that the district court erroneously denied her motion to suppress incriminating evidence seized from her purse. We agree that the search of Welch's purse violated her Fourth Amendment rights and therefore reverse and remand.

## I. Background

Welch and her co-defendant David Anthony McGee were gambling at the Circus Circus Hotel in Las Vegas, Nevada when casino employees became suspicious that they were passing counterfeit twenty-dollar bills. Welch and McGee were escorted to the casino security office where they were interviewed. Eleven counterfeit bills were found in McGee's handbag. At some point McGee was taken into a separate room where he gave written consent to a search of the rental car that he and Welch had driven to Las Vegas. Security officers located the automo-

bile in the parking lot and found several pieces of luggage and a woman's purse in the trunk. The officers opened the clasped purse and discovered Welch's driver's license and $500 in counterfeit twenty-dollar bills. They then returned with the purse to the security office. The bills were protruding from the partially open purse when the officers showed it to Welch. She identified it as hers. The officers then asked her to consent to its search.[1] Thereafter, Welch and McGee were formally placed under arrest.

Both defendants were charged in a five-count superseding indictment and each filed a motion to suppress. The motions were referred to a magistrate judge who, after a hearing, issued a detailed report and recommendation denying them. The district court accepted the magistrate judge's findings and recommendations over Welch's and McGee's objections. The jury convicted them both on all counts. The only issue before us is whether the evidence seized from Welch's purse could be used against her at trial consistent with the Fourth Amendment.[2]

## II. *Discussion*

The magistrate judge specifically found that the search of Welch's and McGee's automobile was not supported by probable cause and that the search of Welch's purse was conducted without probable cause and without her consent. The government has not questioned these findings on appeal. Instead, it relies solely on an oral consent given by McGee. Welch does not dispute the fact that McGee orally consented to the search of the car. She challenges only the district court's determinations that his consent was 1) voluntary and 2) effective as to the search of her purse.[3]

■ The government must first prove that McGee's consent to the search of the car

was knowing and voluntary. *Schneckloth v. Bustamonte,* 412 U.S. 218, 227, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973). Some of the factors to be weighed are (1) whether the person was in custody; (2) whether the officers had their guns drawn; (3) whether *Miranda* warnings have been given; (4) whether the person was told that he had the right not to consent: (5) whether he was told a search warrant could be obtained. *United States v. Carbajal,* 956 F.2d 924, 930 n. 3 (9th Cir.1992). We review a finding of voluntariness for clear error. *United States v. Koshnevis,* 979 F.2d 691, 694 (9th Cir.1992). Here, the magistrate judge explicitly weighed the appropriate factors and found that McGee's consent was voluntary. Given the facts of this case, that finding is not clearly erroneous.

■ The real question in this case is whether McGee's consent served to authorize the search of Welch's purse, which was located in the trunk of the car. The magistrate judge found the Supreme Court's decision in *Florida v. Jimeno,* — U.S. —, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991), "dispositive" of this question. *Jimeno* holds that where the scope of a suspect's consent is disputed, the issue is resolved by determining what a reasonable person would have understood by the exchange between the suspect and the officer, *i.e.,* objective reasonableness. *Id.* at — U.S. at —, 1803–04. The magistrate judge concluded that a reasonable person would have understood McGee's consent to the search of the car to extend to Welch's purse. He based that conclusion on three considerations: 1) McGee knew the security officers were looking for counterfeit currency; 2) the purse was a likely place to find those items and 3) McGee did not place limitations on the extent of the officers' search of the vehicle.

---

1. The testimony at the suppression hearing was in conflict as to whether Welch gave *ex post facto* consent to the search of her purse. The magistrate judge declined to resolve this dispute, reasoning that at that point Welch's consent was irrelevant. We agree.

2. We affirm McGee's convictions in an unpublished disposition filed concurrently with this opinion.

3. Citing *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), the magistrate judge concluded that the security officers acted at the direction of state law enforcement authorities and, therefore, that their actions were subject to the Fourth Amendment. The government does not dispute that determination.

Unfortunately, the magistrate judge examined the wrong question. The dispositive issue in this case is not what areas of the car McGee may have intended his consent to encompass, whether or not he intended to authorize a search of any of the car's contents, or even what constitutes an objectively reasonable interpretation of his statements to the officers. Rather the issue is whether McGee had the *authority*, either actual or apparent, to give effective consent to the search of his companion's purse.[4]

■ The government has the burden of establishing the effectiveness of a third party's consent. *Illinois v. Rodriguez*, 497 U.S. 177, 179, 110 S.Ct. 2793, 2797, 111 L.Ed.2d 148 (1990). It can do so in three ways. First, the government can come forward with persuasive evidence of both shared use *and* joint access to or control over a searched area, which would demonstrate actual authority to consent. *See United States v. Salinas–Cano*, 959 F.2d 861, 864 (10th Cir. 1992) (citing *United States v. Matlock*, 415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 993 n. 7, 39 L.Ed.2d 242 (1974)). Second, it can show that the owner of the property to be searched has expressly authorized a third party to give consent to the search. Finally, it may establish consent by means of the "apparent authority doctrine." *Rodriguez*, 497 U.S. at 188, 110 S.Ct. at 2801. We deal with each in turn.

■ First,—as to actual authority— McGee could lawfully give consent to a search of the rental car because he and Welch had joint access to and mutual use of it. *See Matlock*, 415 U.S. at 171 n. 7, 94 S.Ct. at 993 n. 7. By sharing access to and use of the car with McGee, Welch relinquished, in part, her expectation of privacy in the vehicle. McGee's voluntary consent to a search is sufficient to waive Welch's Fourth Amendment interests in the car. Welch's purse is another matter entirely. The fact that she had a limited expectation of privacy in the car by virtue of her sharing arrangement with McGee does not mean that she

had similarly limited privacy expectations in items within the car which are independently the subject of such expectations. The shared control of "host" property does not serve to forfeit the expectation of privacy in containers within that property. *See United States v. Karo*, 468 U.S. 705, 725–27, 104 S.Ct. 3296, 3308–10, 82 L.Ed.2d 530 (1984) (O'Connor, J., concurring).

Here, there is no question that Welch had a reasonable expectation of privacy in the contents of her purse. Indeed, a purse is a type of container in which a person possesses the highest expectations of privacy. *See Salinas–Cano*, 959 F.2d at 864 (quoting *United States v. Block*, 590 F.2d 535, 541 (4th Cir. 1978)). Therefore, the government must show shared control with respect to the purse as well as with respect to the vehicle if it is to prevail on a mutual use and joint control theory. In this case it cannot do so; there is simply nothing in the record demonstrating that McGee had use of, let alone joint access to or shared control over, Welch's purse. *Cf. Rawlings v. Kentucky*, 448 U.S. 98, 105, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633 (1980) (suspect has no reasonable expectation of privacy in companion's purse). Thus, the first theory is of no avail.

Little need be said with regard to the second means by which effective third party consent could be established—express authorization. There is simply nothing in the record which indicates that Welch expressly authorized McGee to give consent to a search of her purse. The remaining question, therefore, is whether the consent can be deemed effective as an exercise of apparent authority.

■ Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent. However, the doctrine is applicable only if the facts believed by the officers to be true would justify the search as a matter of law. *Salinas–Cano*, 959 F.2d at 865–66; *United States*

---

4. We have previously left open the issue whether the existence of authority to consent is a question of law reviewed *de novo* or a question of fact subject to review for clear error. *United States v.*

*Kelley*, 953 F.2d 562, 566 (9th Cir.1992). We need not resolve that issue here because under either standard the result in this case would be the same.

*v. Whitfield,* 939 F.2d 1071, 1073–74 (D.C.Cir. 1991); *United States v. Brown,* 961 F.2d 1039, 1041 (2d Cir.1992). A mistaken belief as to the law, no matter how reasonable, is not sufficient. *See id.*

■ When the security officers decided to search Welch's purse, they knew that 1) she was McGee's girlfriend, 2) she had travelled with him to Las Vegas in the rental car, and 3) the handbag in the trunk of the car belonged to a woman. There is nothing about these facts that would have led a reasonable officer to believe that Welch had expressly given McGee authority to consent to the search of the purse. Nor would any of these facts have caused a reasonable officer to believe that McGee shared the use of and had joint access to or control over Welch's purse and that the search was justified for that reason. Moreover, any such belief would have necessarily rested on the erroneous legal assumption that the mere presence of the handbag in the trunk gave McGee control over it or access to its contents, or, to put it differently, that Welch's leaving the purse in the car gave McGee the right to open it without her consent. Such an assumption would have been erroneous and would have reflected a mistaken belief as to the law. *See Karo,* 468 U.S. at 725–27, 104 S.Ct. at 3308–10 (O'Connor, J., concurring). Therefore, the facts available to the officers at the time of the search do not support application of the apparent authority doctrine.

Nor is there anything about the circumstances of McGee's exchange with the security officers that would have caused them reasonably to believe that he had actual or express authority to consent to a search of Welch's purse. The magistrate judge found that McGee gave consent to the car search at a time when he was in a separate room from Welch.[5] There is no evidence that Welch

was aware of McGee's actions or had any knowledge that the officers desired to conduct a search of any kind. For all these reasons, the security officers were required, at a minimum, to inquire further before assuming that McGee's consent was sufficient to authorize them to open the purse they discovered during their search of the automobile. *Cf. South Dakota v. Zachodni,* 466 N.W.2d 624, 628 (S.D.1991) (invalidating search of wife's purse based on husband's consent).

In sum, even if it is assumed that the security officers subjectively believed that McGee had the authority to consent to a search of Welch's handbag (which is doubtful, given that they asked for her permission to search it *after* they had already done so), the search of the purse cannot be upheld on the basis of the apparent authority doctrine. "Reasonable belief" cannot save the search because the officers' errors were errors of law and not of fact. *See Salinas–Cano,* 959 F.2d at 865–66; *Whitfield,* 939 F.2d at 1073–74; *Brown,* 961 F.2d at 1041. Because the government failed to carry its burden of demonstrating that the consent to search Welch's purse was valid, we must hold the search unlawful.

### III. *Conclusion*

The government has failed to establish an effective consent to the search of Welch's purse. The search was therefore in violation of the Fourth Amendment. Any evidence that was a fruit of that unlawful search is inadmissible. Therefore, Welch's convictions are **REVERSED** and the case **REMANDED** for further proceedings consistent with this opinion.

---

**5.** At oral argument the parties were unclear as to whether McGee was in the same room as Welch when he consented to the search of the car. The magistrate judge explicitly found that McGee was in a separate room and the government has not challenged that finding on appeal. Even if this finding were clearly erroneous, it would not alter the result. The government has not proven, or even argued, that the police had any reason to believe that Welch heard McGee's consent to the car search and, therefore, that she did not object. Nor would there be any justification for such a belief in this case. Even under the version of the facts most favorable to the government, McGee and Welch were still interrogated separately. Physical presence in the same general location is not sufficient grounds for a reasonable officer to believe that one person has concurred in the consent to search given by another.