53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jairo LOZANO, Defendant-Appellant.
 No. 93-10618.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 27, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jairo Lozano appeals his conviction following a conditional guilty plea to possessing with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Lozano contends that the district court erred by denying his suppression motion. We have jurisdiction under 28 U.S.C. Sec. 1291.[1] We review the district court's denial of the motion to suppress de novo and its factual findings for clear error, United States v. Becker, 23 F.3d 1537, 1539 (9th Cir.1994), and affirm.
 
 
 3
 Lozano contends he was unjustifiably detained after officers stopped him for speeding because they ordered him out of the truck he was driving for further questioning.
 
 
 4
 We review de novo whether a police officer's questions asked during an investigatory stop are based on reasonable suspicion. United States v. Perez, 37 F.3d 510, 513-14 (9th Cir.1994). "Questions asked during an investigatory stop must be 'reasonably related in scope to the justification for their initiation.' " Id. at 513 (quoting United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975)). An officer may broaden his line of inquiry if he notices further suspicious factors that are both particularized and objective. Perez, 37 F.3d at 513; see United States v. Bautista, 684 F.2d 1286, 1290 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983).
 
 
 5
 Trooper Rosell Owens testified at the suppression hearing that after he stopped Lozano for speeding, he noticed a strong smell of fresh paint as he approached the truck. Paint came off where Owens touched the truck.[2] Lozano had a Texas driver's license that had recently been renewed, but he said he had been living in Missouri for the past nine months and was returning there from Los Angeles. Lozano did not know to whom the truck belonged, but said that Tambra Di-Lynn Herbin, the passenger, had borrowed it. Herbin was from Georgia. She said that Santos was the owner of the truck and that she had known him for a year, but she did not know his first name. The truck was registered in Missouri, in Santos's name.
 
 
 6
 All of Owens's questions were reasonably related to determining to whom the truck belonged. See Perez, 37 F.3d at 513. The answers to his questions gave Owens reasonable suspicion that the truck was stolen, and Owens justifiably ordered both Herbin and Lozano out of the truck for further questioning. See id. at 514 (reasonable suspicion permits further questioning where driver is not the vehicle's registered owner). We disagree with Lozano's claim that Owens acted unreasonably by separating Lozano and Herbin to question them. The suspicious and contradictory answers that Lozano and Herbin gave to the officers' questions did nothing to dispel a reasonable suspicion that Lozano and Herbin were involved in criminal activity. See Bautista, 684 F.2d at 1290-91. Although Herbin's testimony contradicted Owens's at the suppression hearing, the district court[3] evidently believed Owens. Given Herbin's equivocal and contradictory testimony, the district court did not clearly err. See United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991) (district court's credibility determinations reviewed for clear error); Bautista, 684 F.2d at 1290 (reviewing evidence at suppression hearing in light most favorable to government). Lozano's detention and questioning after the truck was stopped were therefore permissible. See Perez, 37 F.3d at 513-14; Bautista, 684 F.2d at 1290-91.
 
 
 7
 Lozano next contends that Herbin did not have the apparent authority to consent to a search of the truck during Owens's questioning, and that her consent was invalid.
 
 
 8
 Common authority to consent to a search rests on mutual use of the property by a person having joint access or control for most purposes. United States v. Matlock, 415 U.S. 164, 171 n. 7 (1974); see United States v. Dearing, 9 F.3d 1428, 1429 (9th Cir.1993). A warrantless search is justified even if the third party does not possess actual authority to consent where the police have reasonable grounds to believe that the consentor has authority to consent. See Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990); see also United States v. Welch, 4 F.3d 761, 764-65 (9th Cir.1993). Whether a person voluntarily consented to a search depends on the totality of the circumstances and is reviewed for clear error. United States v. Kim, 25 F.3d 1426, 1431-32 (9th Cir.), cert. denied, 115 S.Ct. 607 (1994).
 
 
 9
 Lozano disclaimed knowing who owned the truck he was driving, referred Owens to Herbin, and stated that she borrowed the truck. Herbin said she knew the owner, and did not deny that she borrowed the truck. Although Lozano at some point changed his story and said that he borrowed the truck, Owens did not act unreasonably by disbelieving him, given Lozano's inconsistent explanations. See Becker, 23 F.3d at 1539. Lozano did not object to the search of the truck, permitting Owens to believe that Herbin had the authority to consent. See Welch, 4 F.3d at 764. We reject Lozano's suggestion that Owens should have investigated further before obtaining consent from Herbin because Owens had sufficient information indicating that Herbin borrowed the truck. See id. at 764-65.
 
 
 10
 The district court held that the police officers who searched Lozano's truck "acted reasonably" by determining that Herbin had legal custody of the truck, and thus found that Herbin had apparent authority to consent to the truck search. We find no error, under either the clear error or de novo standard of review. See Dearing, 9 F.3d at 1429-30 (noting that Ninth Circuit has not decided if apparent authority determinations are subject to clearly erroneous or de novo standards of review).
 
 
 11
 Lozano failed to show that Herbin's consent was involuntary. Owens's actions were not coercive. He spoke softly to Herbin and did not threaten her. He did not draw his gun, use force, or handcuff her before she consented. Owens did not state that he had the authority to search with or without her consent. The district court did not clearly err by finding her consent voluntary. See United States v. Cannon, 29 F.3d 472, 477 (9th Cir.1994); Kim, 25 F.3d at 1432.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the government does not claim that the district court abused its discretion by finding that excusable neglect permitted the late filing of notice of appeal, see United States v. Prairie Pharmacy, Inc., 921 F.2d 211, 212-13 (9th Cir.1990), we decline to review that finding
 
 
 [2]
 Although Lozano contends on appeal that Owens illegally "seized" the paint by touching it, he has waived this issue by failing to include it in his suppression motion. See United States v. Restrepo-Rua, 815 F.2d 1327, 1328 (9th Cir.1987)
 
 
 [3]
 Because the district court adopted the magistrate judge's report and recommendation, we refer to both the district court and the magistrate judge as "the district court."