BROWN, J., Concurring.
I concur in the judgment to affirm defendant’s conviction and penalty.
I write separately because I question the conclusion that Diane Jenkins had apparent authority to consent to a search of defendant’s briefcase. (Maj. opn., ante, at pp. 976-980.)
In United States v. Matlock (1974) 415 U.S. 164 [94 S.Ct. 988, 39 L.Ed.2d 242] (Matlock), the United States Supreme Court allowed that “consent of one who possesses common authority over premises or effects is valid as against the absent, nonconsenting person with whom that authority is shared.” (Id. at p. 170 [94 S.Ct. at p. 993].) Accordingly, the prosecution may justify a warrantless search by showing “that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.” (Id. at p. 171 [94 S.Ct. at p. 993].) “The authority which justifies the third-party consent does not rest upon the law of property . . . [citations] but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.” (Id. at p. 172, fn. 7 [93 S.Ct. at p. 993].) “The burden of establishing that common authority rests upon the State.” (Illinois v. Rodriguez (1990) 497 U.S. 177, 181 [110 S.Ct. 2793, 2797, 111 L.Ed.2d 148].)
In Illinois v. Rodriguez, supra, 497 U.S. 177, the high court further allowed that a third party consent search is valid even if the third party did *1057 not have actual.authority as long as “ ‘the facts available to the officer at the moment . . . [would] “warrant a man of reasonable caution in the belief” ’ that the consenting party had authority .... [Citation.]” (Id. at p. 188 [110 S.Ct. at p. 2801].) As several federal circuit courts have explained, in interpreting this reasonableness requirement “the Supreme Court ‘held only that the Fourth Amendment does not invalidate warrantless searches based on a reasonable mistake of fact, as distinguished from a mistake of law.’ [Citation.] In other words, ‘Rodriguez . . . applies to situations in which an officer would have had valid consent to search if the facts were as he reasonably believed them to be.’’ [Citation.]” (U.S. v. Salinas-Cano (10th Cir. 1992) 959 F.2d 861, 865; see U.S. v. Welch (9th Cir. 1993) 4 F.3d 761, 764-765; U.S. v. Whitfield (D.C. Cir. 1991) 939 F.2d 1071, 1074 [291 App.D.C. 243]; see also U.S. v. Jaras (5th Cir. 1996) 86 F.3d 383, 389.)
As the high court in Rodriguez cautioned, “[e]ven when the invitation [to enter the premises] is accompanied by an explicit assertion that the person lives there, the surrounding circumstances could conceivably be such that a reasonable person would doubt its truth and not act upon it without further inquiry.” (Illinois v. Rodriguez, supra, 497 U.S. at p. 188 [110 S.Ct. at p. 2801].) Accordingly, the prosecution’s burden “cannot be met if agents, faced with an ambiguous situation, nevertheless proceed without making further inquiry. If the agents do not learn enough, if the circumstances make it unclear whether the property about to be searched is subject to ‘mutual use’ by the person giving consent, ‘then warrantless entry is unlawful without further inquiry.’ [Citations.]” (United States v. Whitfield, supra, 939 F.2d at p. 1075, quoting Illinois v. Rodriguez, supra, 497 U.S. at pp. 188-189 [110 S.Ct. at pp. 2801-2802].)
Here, the record contains no evidence—other than her bare possession, which she apparently obtained only one or two days prior to the search—that Diane Jenkins “possessed common authority over or other sufficient relationship” (Matlock, supra, 415 U.S. at p. 171 [94 S.Ct. at p. 993]) to defendant’s briefcase or that she made “mutual use of the property” as one “generally having joint access or control for most purposes . . . .” (Id. at p. 171, fn. 7 [94 S.Ct. at p. 993].) As the majority acknowledges, the evidence did not establish that defendant asked her to take possession. (Maj. opn., ante, at p. 973, fn. 10.) Nor did the officer make further inquiry as to the circumstances by which she acquired it that would lead a reasonable person to conclude she had authority to consent to a search of its contents.
The majority discounts the “mutual use” requirement as limited to searches of premises. The court in Matlock made no such distinction, and its “assumption of the risk” rationale is equally applicable to personal property. *1058 In fact, the court relied on Frazier v. Cupp (1969) 394 U.S. 731 [89 S.Ct. 1420, 22 L.Ed.2d .684] in formulating its third party consent rationale. (Matlock, supra, 415 U.S.-at pp. 170-171 [94 S.Ct. at pp. 992-993].) Frazier involved a duffel bag “used jointly” by the defendant and his cousin. (Matlock, supra, at p. 170 [94 S.Ct. at pp. 992-993].) The cousin consented to a search, which the court upheld because “joint use of the bag rendered the cousin’s authority to consent to its search clear. ... By allowing the cousin the use of the bag, and by leaving it in his house, Frazier was held to have assumed the risk that his cousin would allow someone else to look inside. [Citation.]” (Id. at p. 171 [94 S.Ct. at p. 993].) If mutual use is unnecessary for a search of personal property, a court would have no basis for assessing whether the defendant assumed the risk of a third party consent. A contrary conclusion would also be inconsistent with the theory that one’s reasonable expectation of privacy is diminished to the extent another has access to and authority over the property.
In the absence of any evidence defendant entrusted the briefcase to his sister, it is impossible to reasonably find he ceded any privacy interest or control over its contents. The majority’s discussion as to what the officer could have inferred from the circumstances is strictly speculation. (Maj. opn., ante, at p. 978.) The familial connection does not, in itself, establish the “other sufficient relationship” required under Matlock. (Matlock, supra, 415 U.S. at p. 171 [94 S.Ct. at p. 993].) “Relationships which give rise to a presumption of control of property include parent-child relationships and husband-wife relationships. [Citations.] In contrast, a simple co-tenant relationship does not create a presumption of control and actual access would have to be shown. [Citations.] The difference [is that the former relationships] raise[] a presumption about the parties’ reasonable expectations of privacy in relation to each other in spaces typically perceived as private in a co-tenant relationship. [Citation.]” (U.S. v. Rith (10th Cir. 1999) 164 F.3d 1323, 1330, fn. omitted.) Adult brothers and sisters are more akin to cotenants in this regard, at least absent any contrary evidence. Moreover, from both his conduct and his subsequent testimony, the officer plainly did not draw any inference of common authority or mutual use from the fact Diane Jenkins retrieved defendant’s briefcase. He simply asked whether any of defendant’s belongings were at the residence and took the briefcase without further inquiry when she handed it to him. A finding of valid third party consent on these facts flies in the face of Matlock and Rodriguez as well as numerous federal court decisions applying their principles.
I would not, however, invalidate the search. The trial court articulated several grounds for finding the officer’s actions proper, the most viable of which I find to be inevitable discovery. Indeed, but for the intervention of *1059 defendant’s sister, the briefcase would have been seized and opened pursuant to the warrant issued the previous day. That warrant authorized a search of both defendant’s residence and his vehicles, including the Jeep, for numerous items most of which could reasonably be located in such a container. Given that circumstance, the officer could have readily obtained a supplemental warrant and testified he would have done so had Diane Jenkins refused to surrender the briefcase. Efforts to locate the murder weapon and identify other possible coconspirators were ongoing. The facts already known clearly would have established probable cause. Thus, this was not a situation in which the police would have had to exploit Detective Holder’s initial illegality in searching the briefcase without consent. (See generally Wong Sun v. United States (1963) 371 U.S. 471, 487-488 [83 S.Ct. 407, 417-418, 9 L.Ed.2d 441].) As the Attorney General notes, “ ‘there is not a judge in the world that would not sign a warrant with these facts.’ ” (People v. McDowell (1988) 46 Cal.3d 551, 564 [250 Cal.Rptr. 530, 763 P.2d 1269].)
Appellant’s petition for a rehearing was denied June 28, 2000, and the opinion was modified to read as printed above.