**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Andre D. LEBLANC, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Robert C. Lee, Defendant–Appellant.**

**No. 01–2499, 01–3327.**

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided Aug. 20, 2002.*

---

\* We granted LeBlanc's motion to waive oral argument and determined that oral argument is unnecessary in Lee's case as well. Thus, both appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

---

Before BAUER, KANNE, and EVANS, Circuit Judges.

## ORDER

During a traffic stop of a sport-utility vehicle driven by Andre LeBlanc, Sangamon County, Illinois, Deputy Sheriff Robert Steil found marijuana inside a closed duffel bag on the car's middle seat. Steil then placed the car's three occupants—LeBlanc, front-seat passenger Robert Lee, and middle-seat passenger Deidra Carter—under arrest and continued searching the car. In the car's cargo area, he found a locked suitcase and a garment bag containing cocaine. After obtaining a warrant, Steil searched the suitcase and found that it, too, contained cocaine. LeBlanc and Lee were charged with possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and moved to suppress the drugs. The district court denied their motions, and both defendants entered plea agreements that preserved their right to appeal that ruling.

On appeal the defendants concede that LeBlanc, as the driver, had apparent authority to consent to a search of the car's interior, that he gave Deputy Steil such consent prior to the search, and that the scope of his consent, given Steil's request to search for "guns," must be understood to include all three pieces of luggage, which were large enough to contain guns. *See Florida v. Jimeno,* 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) (scope of consent depends on what a reasonable person would have understood exchange between suspect and officer to mean). Instead they argue, relying on suppression hearing testimony that revealed that the duffel bag belonged to Lee and contained only Lee's and Carter's belongings, that LeBlanc lacked any authority (actual or apparent) to allow the duffel to be searched. *See United States v. Matlock,* 415 U.S. 164, 171 n. 7, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974) (third-party consent turns on joint access or control). In support, the defendants note that they told Steil upon being stopped that they were traveling from Seattle to Chicago to attend a funeral, that their car had Washington license plates, and that the duffel bag was found on the middle seat near where the third passenger, Carter, was seated, while the other two bags were found in the back of the car. They assert that these facts suggest that each bag belonged solely to one occupant and that the duffel most likely belonged to Carter, and they argue that Deputy Steil should not have searched the duffel without obtaining additional information about its ownership or more specific consent.

These facts indeed leave ambiguous the identity of the duffel bag's owner, but we held in *United States v. Melgar,* 227 F.3d 1038, 1041–42 (7th Cir.2000), that where police obtain valid consent to search an area, ambiguity regarding the ownership of particular containers within the area inures to the benefit of law enforcement. Containers found where the police have been granted permission to search, provided they fall within the scope of the consent, may be searched so long as the police "do not have reliable information that the container is *not* under the authorizer's con-

**964**

trol." *Id.* at 1041 (emphasis added). Any other rule, we explained, would overburden police by requiring them to obtain specific consent for each container not clearly linked to the authorizer. *Id.* at 1042. We noted that the result would be different if police had "positive information that [the container in question] did not belong to [the authorizer]," as where tags on the container list a name other than the authorizer's, *see id.* at 1041; *United States v. Basinski*, 226 F.3d 829, 835 (7th Cir. 2000); *United States v. Rodriguez*, 888 F.2d 519, 522–25 (7th Cir.1989), or where the authorizer is a man and the container to be searched is a woman's handbag, *see United States v. Welch*, 4 F.3d 761, 765 (9th Cir.1993), but the defendants do not argue that any such circumstances exist in this case. They seem to suggest that we adopt a one-person-per-container presumption, but *Melgar* rejected that approach as well. *See Melgar*, 227 F.3d at 1039–42 (rejecting argument that where four handbags had been "matched up" with three of four women using a hotel room, the fifth handbag is attributable to the last woman and thus necessarily outside the scope of consent given by renter of room, whose handbag already had been searched). Indeed, the defendants' own testimony that two of the car's occupants in fact *shared* the duffel bag demonstrates the unreasonableness of the rule they suggest.

The district court properly concluded that LeBlanc had apparent authority to consent to the search of the duffel bag, and once Deputy Steil discovered the marijuana in the bag he had probable cause to continue searching the car even absent a warrant or consent. *See, e.g., United States v. Thornton*, 197 F.3d 241, 249 (7th Cir.

1999). Given our resolution of this issue, we need not address the government's remaining arguments against suppression.

AFFIRMED.