**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

COREY LEE FAY,
            *Defendant-Appellant.*

No. 04-10401

D.C. No.
CR-03-00453-HDM

OPINION

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Argued and Submitted
April 13, 2005—San Francisco, California

Filed June 3, 2005

Before: John T. Noonan, David R. Thompson, and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Noonan;
Concurrence by Judge Noonan

**COUNSEL**

Jason F. Carr, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Crane Pomerantz, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

---

**OPINION**

NOONAN, Circuit Judge:

Corey Lee Fay appeals the district court's denial of his motion to suppress and his consequent judgment of conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We hold that there was no violation of the Fourth Amendment in the discovery of Fay's gun. We affirm the judgment of conviction.

FACTS

Mandy Ortiz was the tenant of Apartment 1099 at 2200 N. Torrey Pines, Las Vegas, Nevada. Fay lived with Ortiz and her four-year-old daughter at this address. Ortiz knew that Fay had been a gang member and that he kept a gun in the apartment. On October 8, 2003, Ortiz and Fay quarreled. Fay angrily threatened Ortiz. Ortiz tried to leave to go to her job at Sav-On. Fay refused to let her leave without him and got in her car and rode with her to the store, where the quarrel continued. Officer Stout responded to a call reporting domestic violence. Ortiz told Stout that she was afraid of Fay, that there was a warrant for his arrest, and that he had a gun at her apartment. After checking on the arrest warrant, Stout arrested Fay and then, with Fay in his car, followed Ortiz back to her apartment at Ortiz's request.

Ortiz asked Fay to accompany her into the apartment and told Stout that she wanted Fay's gun out of her house. She pointed to a black duffle bag on a shelf in the open laundry room and said, "He keeps it there." Stout reached up on tip toes and retrieved the bag. He ascertained that the bag was open; had no name on it; contained men's clothes; contained a box of ammunition; and showed the outline of a gun. He called for help from Detective Joe Kelley. Upon arriving, Kelley asked Fay if the gun Officer Stout had seen in outline was his. Fay said that it belonged to a friend but that he had it in his possession for more than a month. Kelley obtained a search warrant by telephone then searched the bag and found the gun.

## PROCEEDINGS

On October 14, 2003, Fay was indicted as a felon in possession of a firearm. On January 15, 2004, Fay moved to suppress the evidence. On February 24, 2004, a magistrate judge held a hearing on the motion. On March 30, 2004, the magistrate judge filed a report recommending that the motion be denied because Ortiz had at least apparent authority to allow Stout to move the bag and the search after that move was by virtue of a warrant. The district court adopted the magistrate's report and recommendation, specifically finding that Fay had no reasonable expectation of privacy in the bag and expressing some doubt that Fay had standing to object, as he had disavowed ownership of the bag.

Fay entered a plea of guilty to the indictment with the condition that he could appeal denial of his motion to suppress. He now appeals.

## ANALYSIS

[1] Fay relies on three cases where guests were found to have a reasonable expectation of privacy as to property stored in their host's home. *United States v. Davis*, 332 F.3d 1163

(9th Cir. 2003); *United States v. Fultz*, 146 F.3d 1102 (9th Cir. 1998); and *United States v. Welch*, 4 F.3d 761 (9th Cir. 1993). In each of these cases, the container was closed. A capital difference here is that the bag was open in an area readily accessible to anyone in the apartment. Fay argues that he expected it to be private because he put it on a high shelf, just as Davis had put his gym bag under his bed. But again the difference is obvious. To hide an object under the bed one is sleeping in is not the same as putting it on a shelf in a common laundry room. The district court did not err in its findings of fact, and our review of its legal conclusion de novo reaches the identical result: there was no reasonable expectation of privacy and no violation of Fay's constitutional rights in the search of an open duffle bag located on a laundry room shelf. The judgment of conviction is AFFIRMED.

---

NOONAN, Circuit Judge, concurring:

I write separately to state that, while I join the opinion I've written, it seems to me that we are engaging in the drawing of fine distinctions that do not need to be drawn. The simple facts here are that a householder wanted illegal property out of her home. Fay's expectations have no bearing on her right to get it out.

A guest who brings a bunch of banknotes into the house, tells his host that they are the proceeds of a bank robbery, and leaves them in a bag in the guest room has no legitimate objection to his host turning him in and turning over the bag. A guest who brings to his host's home drug paraphernalia and tells his host that he's hiding it in the closet has no reason to believe that his host will not telephone the police and tell them to pick the paraphernalia up. The felon who shows his girlfriend that he is keeping a firearm in the laundry room has no privacy claim that she can't rid her house of a gun by asking the police to remove it. On what possible basis can a man

committing a crime and admitting that he is doing the criminal deed claim that his confidant should preserve his secret?

A person cannot disable his host from bringing criminal proceeds or paraphernalia or weapons to the attention of the police nor invoke the Fourth Amendment when his host seeks to disassociate herself from his criminal conduct by summoning police assistance.