**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Morris Duane BUCKLES, Defendant—**
**Appellant.**

No. 04–30090.

D.C. No. CR–03–00090–SEH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 27, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before PREGERSON, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Morris Duane Buckles appeals the district court's denial of his motion to suppress evidence. After a bench trial, Buckles was found guilty of one count of possession with intent to distribute methamphetamine and one count of possession with intent to distribute marijuana, both in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 28 U.S.C. § 1291. "On appeal of the denial of a motion to suppress evidence, we review conclusions of law de novo and factual findings for clear error." *United States v. Chavez–Miranda*, 306 F.3d 973, 977 (9th Cir. 2002). We reverse and remand for further proceedings.

### I.

After considering the totality of the circumstances, we conclude that there was reasonable suspicion to conduct an investigative stop of the car driven by Buckles. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002); *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Each of the tips relied on by the Federal Bureau of Investigation agents in making the stop came from sources known to either local

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

law enforcement officers or FBI agents. "[B]ecause a known ... complainant could be held accountable for fabricating any story, the concerns raised by anonymous tips are simply not present." *United States v. Fernandez–Castillo*, 324 F.3d 1114, 1118 (9th Cir.2003). Furthermore, despite the lack of predictive information contained in the tips, we conclude the information carried enough indicia of reliability to justify the agents' stop of the car. *See Adams v. Williams*, 407 U.S. 143, 146–47, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

## II.

After reviewing the record, we also conclude that the district court did not clearly err in finding that Bonnie Weinberger voluntarily consented to the search of the car driven by Buckles. *See United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1126 (9th Cir.2005).

 Nonetheless, the government failed to demonstrate that Weinberger had actual authority to consent to the search. Permission to search may be obtained from a third party "who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). Common authority, however, is "not to be implied from the mere property interest a third party has in the property[,]" but "rests rather on mutual use of the property by persons generally having joint access or control for most purposes." *Id.* at 171 n. 7, 94 S.Ct. 988. As the government conceded in its brief on appeal, Buckles and Weinberger did not have joint access to or control over the car.

 A reasonable yet mistaken belief that an individual has authority to consent to a search does not violate the Fourth Amendment. *See Illinois v. Rodriguez*, 497 U.S. 177, 186–87, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). "Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent." *United States v. Welch*, 4 F.3d 761, 764 (9th Cir.1993). The issue of Weinberger's apparent authority to consent to the search of the car was not raised in the district court. We therefore remand this case to the district court for further proceedings so that it may address the issue of Weinberger's apparent authority in the first instance.

**REVERSED and REMANDED.**