UNITED STATES of America,
Plaintiff—Appellee,

v.

Morris Duane BUCKLES, Defendant—
Appellant.

No. 06-30036.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 12, 2007.

Lori Harper Suek, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Jack E. Sands, Esq., Billings, MT, for Defendant–Appellant.

Before: BEEZER, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM **

Morris Buckles appeals the district court's finding on remand from this court, *United States v. Buckles,* 137 Fed.Appx. 950, 952 (9th Cir.2005), that Buckles' sister, Bonnie Weinberger, had the apparent authority to consent to the search of her car, which Buckles was driving when federal drug enforcement agents stopped him 228 miles from Weinberger's home. The district court found that Buckles' testimony that he had objected to the search was not credible. Rather, Buckles "conveyed [to the agents] the message that consent was not his to give; that it was his sister's car" and "at least by implication that, if

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**632**

consent to search the car was to be given, it had to be obtained from, the sister." The court concluded that under the "totality of the circumstances," based on the information known to the agents at the time of the search, Weinberger had apparent authority to consent to the search of the car.

The district court's factual findings are not clearly erroneous, and we affirm. *See Illinois v. Rodriguez*, 497 U.S. 177, 182–89, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990). The three-part test used to determine apparent authority is satisfied here. *See United States v. Ruiz*, 428 F.3d 877, 880–81 (9th Cir.2005). Buckles points out that the agents knew that when Weinberger consented to the search by telephone she was several hundred miles away from the car, suggesting she did not have access to the car for most purposes. A several hours' drive did not make it objectively unreasonable for the agents to have believed that Weinberger retained joint access to and control of the car for most purposes given Buckles' implication that the agents would have to get consent from her.

Buckles waived any argument that Weinberger's consent did not extend to the packages within the vehicle by failing to so argue in his first appeal to this court. We therefore decline to reach this issue.

**AFFIRMED.**

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.