**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Daniel LACEY, Defendant–Appellant.**

**No. 06–30371.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 2007.

Filed March 14, 2007.

Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Steven C. Babcock, Esq., Federal Defenders of Montana, Billings, MT, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: B. FLETCHER, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM *

Daniel Lacey appeals the district court's denial of his suppression motion. He claims that the court erred in admitting evidence seized pursuant to the consent of Carla Dozier, the girlfriend with whom he lived. Lacey claims that Dozier lacked either actual or apparent authority to consent to the seizure of his home computer and to the search and seizure of media files located in the garage of Dozier's home. He also challenges the admissibility of his statements to police under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ The district court did not err in permitting evidence located on the home computer based upon Dozier's actual authority to consent to the search. Dozier paid the rent and held the apartment in her name; she enjoyed access to all parts of the home, including the computer, which she used occasionally. Because she thus had "common authority over the property," *United States v. Kim*, 105 F.3d 1579, 1582 (9th Cir.) (citing *United States v. Matlock*, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)), *cert. denied* 522 U.S. 940, 118 S.Ct. 353, 139 L.Ed.2d 275 (1997), she had actual authority to consent to the seizure of the home computer, and the district court did not err in admitting that evidence.

by 9th Cir. R. 36–3.

■ Dozier likewise had actual authority to consent to the search and seizure of the media items in the garage. Lacey never forbade her to touch these effects. Indeed, the boxes in the garage contained haphazardly intermingled property from all members of the household and can be readily distinguished from the carefully stored and segregated items found inadmissible in *United States v. Fultz,* 146 F.3d 1102 (9th Cir.1998); *United States v. Welch,* 4 F.3d 761 (9th Cir.1993); and *United States v. Davis,* 332 F.3d 1163 (9th Cir.2003). By leaving his boxes in a garage in which Dozier also stored her effects, Lacey assumed the risk that Dozier would consent to allow officers to search and to seize this property. *See United States v. Sledge,* 650 F.2d 1075, 1080 n. 10 (9th Cir.1981); *Kim,* 105 F.3d at 1582. Because Dozier had common authority over the items in the garage, the district court did not err in declining to suppress that evidence.

■ A statement made during custodial interrogation is admissible only if the defendant was first "apprised of his right to consult with an attorney and to have one present during the interrogation" and was "not ... compelled to incriminate himself." *Miranda,* 384 U.S. at 492, 86 S.Ct. 1602. The statement may not be admitted if "the defendant's will was overborne at the time he confessed." *Lynumn v. Illinois,* 372 U.S. 528, 534, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963). Lacey offers no evidence that, given the totality of the circumstances, his friendship with Officer Cady led to the sort of "psychological coercion" that would render his statements involuntary. *United States v. Miller,* 984 F.2d 1028, 1030 (9th Cir.), *cert. denied* 510 U.S. 894, 114 S.Ct. 258, 126 L.Ed.2d 210 (1993). The officers advised him of his rights both verbally and in writing and he unequivocally and unambiguously agreed to answer questions. *See Davis v. United States,* 512 U.S. 452, 462–63, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). The district court did not err in concluding that Lacey's voluntary, knowledgeable, and intelligent waiver of his *Miranda* rights rendered those statements admissible.

**AFFIRMED.**