**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jermaine Alonzo MITCHELL,
Defendant—Appellant.**

No. 08–10027.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed June 23, 2009.

William R. Reed, Esquire, USRE—Office of the U.S. Attorney, Reno, NV, Robert Lawrence Ellman, Esquire, Assistant U.S., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Dennis A. Cameron, Esquire, Law Offices of Dennis A. Cameron, Reno, NV, for Defendant–Appellant.

Before: WALLACE, THOMAS, and GRABER, Circuit Judges.

## MEMORANDUM *

Mitchell challenges his conviction and sentence on various narcotics-related offenses. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we uphold both his conviction and sentence.[1]

■ First, Mitchell argues that "[a]s applied in this case, the sentencing scheme [provided in 21 U.S.C. §§ 841(b)(1)(A) and 851] is unconstitutional as it has a chilling effect upon the right to take a case to trial." However, Mitchell is plainly subject to the enhanced sentencing provisions of section 841 because he has three prior felony convictions. Thus, it was well within the government's discretion to use the threat of these sentencing enhancements as a bargaining tool during pretrial negotiations. *Bordenkircher v. Hayes,* 434 U.S. 357, 364–65, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). To the extent Mitchell argues that the government's actions constitute vindictive prosecution, we disagree because prosecutors may threaten additional charges to dissuade a defendant from going to trial, and then carry through on those threats, without violating the Constitution. *United States v. Noushfar,* 140 F.3d 1244, 1245 (9th Cir.1998).

Second, Mitchell contends that his mandatory sentence of life imprisonment without release violates the Eighth Amendment's prohibition against cruel and unusual punishment. This argument is foreclosed by *United States v. Jensen,* 425 F.3d 698, 706–07, 708 (9th Cir.2005).

Third, Mitchell argues that he was deprived of his Fifth Amendment right to due process because he was never informed that he faced the possibility of a mandatory life sentence without release upon conviction after trial. However, the record demonstrates that Mitchell was fully aware of the sentence he faced, and that he nevertheless chose to go to trial. Although the district court informed him on two occasions that he would face a mandatory minimum sentence of 20 years imprisonment if convicted after trial, these statements were correct at the time they were made. To the extent that Mitchell claims ineffective assistance of counsel on this issue, that claim is better addressed in a motion pursuant to 28 U.S.C. § 2255.

■ Fourth, the district court did not err in denying Mitchell's motion to suppress the narcotics evidence found at the apartment where he had been staying at the time of his arrest. The seized narcotics evidence was found in an unsealed plastic bag in plain view on the garage floor of the apartment. The garage was accessible to persons other than Mitchell, and the district court found that Mitchell had denied living in the apartment when asked by police officers upon his arrest. Mitchell therefore did not have a legitimate expectation of privacy in the apartment and garage where the narcotics were found, and the seizure did not violate his Fourth Amendment rights. *United States v. Fay,* 410 F.3d 589, 590 (9th Cir.2005); *see also United States v. Brown,* 563 F.3d 410, 416–18 (9th Cir.2009) (holding that a co-occupant's consent is sufficient as against another co-occupant so long as there is no evidence that the other co-occupant was not purposefully prevented from objecting to a search through arrest).

■ Fifth, Mitchell's Sixth Amendment right to a speedy trial was not violated. Although the length of time between

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We address Mitchell's claim that he was denied his constitutional right to an impartial jury in a companion published opinion.

652

Mitchell's arrest and his trial was considerable, the record demonstrates that Mitchell himself was primarily responsible for the pretrial delay. Mitchell requested numerous continuances of the trial date, made several pretrial motions, changed attorneys at least four times prior to trial, and expressly refused to proceed to trial on the day trial was set to commence. Mitchell's conduct precludes his Sixth Amendment speedy trial claim. *United States v. Tanh Huu Lam,* 251 F.3d 852, 855–60 (9th Cir.2001).

Sixth, Mitchell's claims under the Speedy Trial Act (Act) do not persuade us. At a post-trial hearing, the district court found that of the 1,113 days between Mitchell's first appearance and the start of trial, only 52 days counted under the Act— well under the 70–day maximum imposed by the Act. This finding was not clearly erroneous.

Seventh, the district court did not commit plain error in admitting recordings of telephone conversations Mitchell had while he was in custody at the Washoe County Detention Facility. At the time these recordings were made, Mitchell was lawfully detained pursuant to a validly executed California parole violation warrant. These recordings were therefore not obtained in violation of Mitchell's Fourth Amendment rights, and the district court properly allowed them into evidence. *Kanekoa v. City & County of Honolulu,* 879 F.2d 607, 612 (9th Cir.1989).

**AFFIRMED.**