MEMORANDUM **
Defendant Frank Chavez was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He appeals from the District Court’s partial denial of his motion to suppress. Defendant primarily argues on appeal that the District Court improperly found that a third party, who was visiting the house where Defendant was residing, had apparent authority to consent to police officers’ entry .into the house and living room where Defendant was found in possession of a firearm.
A district court’s denial of a motion to suppress is reviewed de novo. See United States v. Arreguin, 735 F.3d 1168, 1174 (9th Cir. 2013).[1] A district court’s factual findings are reviewed for clear error, and its credibility determinations based on testimony are given special deference. See id. Whether a person has actual or apparent authority to consent to a search is a mixed question of law and fact that is reviewed de novo. See id.
“The Fourth Amendment provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.” Id. “A war-rantless search of a house is per se unreasonable and absent exigency or consent, warrantless entry into the home is impermissible under the Fourth Amendment.” United States v. Reid, 226 F.3d 1020, 1025 (9th Cir. 2000). “Evidence that is recovered following an illegal entry into a home is inadmissible and must be suppressed.” Id.
Consent to search is a recognized exception to the Fourth Amendment’s protection. See Arreguin, 735 F.3d at 1174. However, the “existence of consent to a search *756 is not lightly to be inferred....” Reid, 226 F.3d at 1025.
The government has the burden of establishing the effectiveness of a third party’s consent. It can do so in three ways. First, the government can come forward with persuasive evidence of both shared use and joint access to or control over a searched area, which would demonstrate actual authority to consent. Second, it can show that the owner of the property to be searched has expressly authorized a third party to give consent to the search. Finally, it may establish consent by means of the apparent authority doctrine.
United States v. Welch, 4 F.3d 761, 764 (9th Cir. 1993).[2]
Before the District Court and on appeal, the Government did not argue that there was valid consent in this case based on express authorization or actual authority. Rather, the Government only argued that there was valid consent based on apparent authority, and the District Court likewise only found valid consent based on apparent authority. We hold that the District Court erred in its determination as to apparent authority.
“Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent.” Welch, 4 F.3d at 764; see also Arreguin, 735 F.3d at 1175 (“Apparent authority is measured by an objective standard of reasonableness, and requires an examination of the ... surrounding circumstances.”). Actual authority exists if one has shared use and joint access to or control over a searched area. See Welch, 4 F.3d at 764; Arreguin, 735 F.3d at 1174. Apparent authority is applicable only if the facts believed by the officers to be true would justify the search as a matter of law. See Welch, 4 F.3d at 764. “A mistaken belief as to the law, no matter how reasonable, is not sufficient.” Id. at 765. The “government has the burden of establishing apparent authority to consent to each specific area searched, not just authority to consent to a generalized search of the residence.” Arreguin, 735 F.3d at 1175. “In assessing whether an officer’s belief was objectively reasonable, the court considers the facts available to the officer at the moment” of the officer’s warrantless entry into a home or relevant search of an area. Id. (emphasis in the original).
In this case, the officers’ warrantless entry into the home where Defendant was residing was based on the consent of a third party (Sandra Rentfro) who was visiting the home. For apparent authority to exist, the officers had to have an objectively reasonable basis to believe that Ms. Rentfro had actual authority to consent to entry into the home and living room. Actual authority would exist if Ms. Rentfro had shared use and joint access or control over the home and living room.
At the moment the officers entered the home based solely on Ms. Rentfro’s consent, the officers knew that: (1) Ms. Rent-fro did not own the home, (2) Ms. Rentfro did not reside at the home, (3) Ms. Rent-fro’s adult son (Raymond Fletcher) owned the home and resided at the home with his roommate (Defendant), (4) Ms. Rentfro had come in from out of town to visit with her son for his birthday, and (5) the owner and residents of the home (Mr. Fletcher *757 and Defendant) were present inside the home.
At the moment the officers entered the home based solely on Ms. Rentfro’s consent, they did not know any of the following regarding Ms. Rentfro’s connection to the home: (1) whether she had a key to the home, (2) whether she could enter and leave the home at will, (3) how often she was alone in the home, (4) whether she was left in charge of the home when the other residents were not home, (5) the frequency of her visits to the home, (6) what rooms she routinely used and accessed when she visited, (7) whether she invited other guests into the home, or (8) whether she could invite guests into the home without the permission of the residents and what areas of the home would these other guests be permitted.
Despite the circumstances before them prior to their entry into the home, the officers never asked to speak to the owner or other resident of the home. Rather, they proceeded into the home based solely on the consent of a third party that they knew did not own or reside at the home, and that they knew had come in from out of town to visit her adult son that owned the home in question.
In light of the foregoing, the officers did not have an objectively reasonable basis to believe that Ms. Rentfro had shared use and joint access to or control over the home and living room. Therefore, Ms. Rentfro did not have apparent authority to consent to their entry into the home and living room under the particular circumstances of this case.[3]
As all subsequently found evidence must be suppressed under the fruit of the poisonous tree doctrine as there was no apparent authority to enter the home and living room, we do not address Defendant’s alternative grounds for appeal (i.e., that the officers exceeded the scope of Ms. Rentfro’s consent to search and they did not have reasonable suspicion or probable cause to search and arrest Defendant). See United States v. Redlightning, 624 F.3d 1090, 1102 (9th Cir. 2010).
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

. Unless otherwise noted, internal quotes and citations have been omitted when quoting authority in this Memorandum Disposition.

. Welch was overruled on other grounds in United States v. Kim, 105 F.3d 1579 (9th Cir. 1997).

. While we recognize the special familial relationship between a parent and child, and this is certainly a factor that is weighed in assessing consent, the officers in this specific case did not have an objectively reasonable basis to conclude that Ms. Rentfro had apparent authority.