NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERIC THORTON VON HALL,

Petitioner-Appellant,

v.

MARK NOOTH,

Respondent-Appellee.

No.   17-35692

D.C. No. 2:15-cv-00469-JE

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted October 11, 2018
Portland, Oregon

Before:  FISHER, CLIFTON, and CALLAHAN, Circuit Judges.

A jury found Eric Thornton Von Hall guilty of six counts of delivery of a

controlled substance to a minor, six counts of contributing to the sexual

delinquency of a minor, sodomy, assault, identity theft, and giving false

information to a police officer.  Von Hall appeals from the district court's denial of

his habeas corpus petition, in which he alleged ineffective assistance of counsel on

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

direct appeal. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.[1]

We review de novo a district court's denial of a habeas petition. *Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018). Our review is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under AEDPA, habeas relief cannot be granted "unless the state court decision: '(1) was contrary to clearly established federal law as determined by the Supreme Court, (2) involved an unreasonable application of such law, or (3) . . . was based on an unreasonable determination of the facts in light of the record before the state court.'" *Murray*, 882 F.3d at 801 (quoting *Fairbank v. Ayers*, 650 F.3d 1243, 1251 (9th Cir. 2011)).

To establish a claim for ineffective assistance of counsel, a petitioner must show (1) constitutionally deficient performance by counsel (2) that prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Von Hall's trial counsel filed an unsuccessful motion to suppress evidence obtained from an apartment where Oregon police found Von Hall and the victim. Von Hall argues that his counsel was ineffective by failing to challenge the trial court's denial of the motion to suppress in his direct appeal.

---

[1] Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

2

Von Hall fails to meet his burden under both the deficient performance and prejudice prongs of *Strickland* and AEDPA. The tenant of the apartment consented to the search of the apartment, and it is clear the tenant had *apparent* authority to do so.[2] Von Hall argues, however, that the tenant lacked *actual* authority to consent to the search, which is required under Article 1, section 9 of the Oregon Constitution. After the officer's initial entry into the apartment bedroom, an officer asked Von Hall if he would consent to a search of the bedroom for contraband or items that belonged to the victim. Von Hall's response, "[Y]eah, but you're going to have to ask [the tenant] because it's his apartment," provided evidence of the tenant's actual authority to consent. *See State v. Beylund*, 158 Or. App. 410, 417 (1999) (holding that actual authority "can be proven by facts established after the search"). In light of such evidence, the state post-conviction review court reasonably concluded that, had Von Hall's appellate counsel challenged the denial of the motion to suppress, the appellate court would not have reversed the decision. Von Hall thus fails to show ineffective assistance of counsel under *Strickland* and AEDPA.

---

[2] The search thus did not violate the Fourth Amendment. *See United States v. Arreguin*, 735 F.3d 1168, 1175 (9th Cir. 2013) ("Under the apparent authority doctrine, a search is valid if the government proves that the officers who conducted it reasonably believed that the person from whom they obtained consent had the actual authority to grant that consent." (quoting *United States v. Welch*, 4 F.3d 761, 764 (9th Cir. 1993))).

The denial of Von Hall's petition is AFFIRMED.